

FILED
2005 JUN 21 P 12: 2?
CLERK, US DIST COURT
EASTERN DIST OF CALIF
AT FRESNO
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER POULTRY FARMS, INC., and FRESNO FARMING, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SUNTRUST BANK,<br><br>Defendant. | 1:04-cv-05513-OWW-SMS<br><br>**ORDER RE: ATTORNEYS FEE AND COSTS (Docs. 36, 38)** |

On March 9, 2005, plaintiffs filed a motion to compel production of documents, or, alternatively, for *in camera* inspection of documents (Doc. 36). On March 25, 2005, plaintiffs filed a second motion to compel production of documents or, alternatively, for *in camera* inspection of documents (Doc. 38). Memoranda in support of each motion were filed on April 12, 2005, setting a hearing date for April 15, 2005. No joint stipulation re: discovery dispute pursuant to Local Rule 37-251 was filed as plaintiffs' counsel averred that, despite all best efforts to meet and confer, defendants' counsel neither replied to efforts to prepare the statement nor did defendants reply in any manner to the motions.

1

1   These matters came on regularly for hearing on April 15,
2   2005.  Plaintiffs' counsel, Benjamin K. Riley, Esq., of Howrey,
3   Simon, Arnold & White, LLP, appeared telephonically.  Defendant's
4   counsel, James Hadley Cox, Esq., of Carlton Fields, P.A.,
5   personally appeared.
6   By agreement of plaintiffs' counsel, Attorney Cox was allowed to
7   address the court; Mr. Cox travelled to Fresno, CA, from Atlanta, GA,
8   specifically for appearance regarding these motions.  After argument,
9   copies of the documents that were the subject of each of the two
10  motions were presented to the court for *in camera* review; the matters
11  were then taken under submission.
12  A third motion for production of documents in response to
13  plaintiffs' second request for documents and things to Suntrust
14  and for costs was filed on March 29, 2005 and also was set for
15  hearing for April 15, 2005 (Doc. 39).  At hearing on April 15,
16  2005, plaintiffs' counsel requested this third motion be reset
17  for May 13, 2005.  Thereafter, due to the unavailability of the
18  court, the motion was reset for hearing on May 26, 2005.  On May
19  25, 2006, plaintiffs' counsel notified the court of withdrawal of
20  their third motion to produce documents and things and further
21  represented that issues framed in the first two motions, taken
22  under submission by the court on April 15, 2005, have been
23  resolved with the exception of the prayers for an award of fees
24  and costs for having to file and pursue both motions.  See
25  Exhibit A attached hereto and made a part of this order,
26  consisting of a June 8, 2005 letter to the court from plaintiffs'
27  counsel, confirming the withdrawal, the resolutions, and the
28  outstanding request for fees and costs.

Attorney's Fees

Federal Rule of Civil Procedure 37(a)(4) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Despite the fact counsel for defendant Mr. Cox represented at the April 15, 2005 hearing serious and sympathetic reasons for his lack of communication with plaintiffs' counsel regarding any of the motions to compel, nonetheless efforts could have and should have been made to put plaintiffs' counsel in touch with local counsel for Suntrust Bank, Attorney Lowell Thorson Carruth.

Therefore it is the ORDER of this court that defendant reimburse plaintiffs for reasonable expenses and attorney's fees incurred as a result of Suntrust's failure to respond to the motion to compel filed on March 9, 2005 and the motion filed on March 25, 2005. Plaintiff is directed to submit a bill of costs and fees to the court and counsel for defendants on or before July 15, 2005.

/////
////
///
//
/

Conclusion

All contested issues regarding the production of documents as set forth in plaintiffs' two motions to produce, filed March 9 2005 and March 25, 2005, are MOOT except for the issue of attorney's fees and costs, addressed herein (Docs. 36 and 38).

Plaintiffs' motion to compel, filed on March 29, 2005, was withdrawn (Doc. 39).

IT IS SO ORDERED.

**Dated:  June 21, 2005**                    /s/ **Sandra M. Snyder**
icido3                              UNITED STATES MAGISTRATE JUDGE

EXHIBIT A



525 MARKET STREET
SUITE 3600
SAN FRANCISCO, CA 94105-2708
PHONE 415.848.4900
FAX 415.848.4999
A LIMITED LIABILITY PARTNERSHIP

June 8, 2005

BENJAMIN K. RILEY
PARTNER
415.848.4950
rileyb@howrey.com

BY EMAIL AND REGULAR MAIL

Our File No. 02642.0120

Deputy Harriet Herman
Courtroom Deputy to the Honorable Sandra M. Snyder
U.S.D.C., Eastern Division — Fresno Office
U.S. Courthouse Building
1130 O Street
Fresno, CA 93721

Re: Foster Poultry Farms, Inc., et al. v. SunTrust Bank, et al.
U.S.D.C. Eastern District – Fresno Division, Case No. CIV F-04-5513 OWW/SMS

Dear Deputy Herman:

Pursuant to my message today, I write to inform Judge Snyder that this week Defendant SunTrust Bank ("SunTrust") produced to Plaintiffs unredacted copies of the two documents as to which Plaintiffs filed motions to compel. I believe those motions are currently under submission before the Court.

On March 9, 2005, Plaintiffs filed a motion to compel production of an unredacted copy of SunTrust document DEF 0395-0398 (June 7, 2002 memorandum). On March 25, 2005, Plaintiffs filed a motion to compel production of SunTrust document DEF 0438 (June 10, 2002 email). Memoranda in support of each motion were filed on April 12, 2005.

A hearing was held on both motions (plus a third motion which has since been resolved) on April 15, 2005. I appeared by telephone, and Mr. Cox, counsel for SunTrust, appeared personally. After hearing argument, Judge Snyder received unredacted copies of both June 7, 2002 memorandum and the June 10, 2002 email for *in camera* review, and then took the motions under submission. As far as the parties are aware, no opinions have been issued regarding the two motions.

On Monday, June 6, I received correspondence from Mr. Cox enclosing an unredacted copy of the June 7, 2002 memorandum plus other documents previously withheld/redacted as privileged. On Wednesday, June 8, I received a copy of the June 10, 2002 email.

Accordingly, it is respectfully requested that you advise Judge Snyder that she no longer needs to decide the two motions to compel since both documents have now been produced to Plaintiffs by SunTrust.

Deputy Harriet Herman
June 8, 2005
Page 2

However, Plaintiffs continue to request an award of their costs for having to file and pursue these two motions to compel (as opposed to the third motion on which a compromise was reached), pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure, and Local Rules 11-110 and 37-251(d).

Thank you for your attention to this matter. Please do not hesitate to contact me if you or the Court have any questions or require further information.

Very truly yours,

/s/

Benjamin K. Riley

BKR:grc

cc (via email and reg. mail):

    James H. Cox, Esq.
    Lowell T. Carruth, Esq.