UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER POULTRY FARMS, INC., FRESNO FARMING, LLC,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>SUNTRUST BANK,<br><br>　　　　　Defendant.　　　　　／ | 1:04-cv-05513-OWW-SMS<br><br>**ORDER RE: PAYMENT OF ATTORNEYS' FEES** |

　　Pursuant to this Court's order of June 21, 2005, counsel for plaintiffs submitted their bill of costs on July 15, 2005 together with a declaration of Benjamin Riley (Doc. 68). Thereafter, on July 22, 2005, defendant Suntrust Bank filed its opposition to the bill of costs (Doc. 70). The pleadings having been directed by the Clerk's Office to Judge Wanger's chambers rather than to this Court, a letter from Judge Wanger's courtroom deputy Greg Lucas was sent to all counsel on July 26, 2005, advising that "[p]laintiff has submitted a cost bill which provides for recovery of attorney fees in the amount of $19,000. A cost bill is not the proper means for attorney fees and

therefore the cost bill is denied in whole." (Doc. 71). Mr. Lucas went on to advise that counsel for plaintiff should file a properly noticed motion to recover attorney fees.

Mr. Lucas advised this Court that he was contacted by plaintiffs' counsel who informed him that the cost bill should have been directed to this Court rather than to Judge Wanger, that the cost bill was submitted pursuant to the undersigned's order. While Mr. Lucas is correct that attorney's fees are not normally recovered by virtue of a cost bill, nonetheless that is part of the language used in this Court's order: "Plaintiff is directed to submit a bill of costs and fees to the court and counsel for defendants on or before July 15, 2005." In their memorandum of costs in support of plaintiffs' bill of costs attached to the cost bill, plaintiffs declare, "[p]laintiffs seek recovery of $19,000.00 in attorneys' fees, but no costs, incurred in connection with the two motions to compel."

In light of what was a clerical error regarding to which judicial officer the submission should have been directed, and in light of what appears to be a denial based on a mischaracterization of the submission as a cost bill when, indeed, no costs were claimed, nonetheless the document was timely received pursuant to this Court's order and will be considered pursuant to that order. Therefore, the July 26, 2005 letter from Mr. Lucas is hereby VACATED.

### Summary of Amounts Requested (Unadjusted)

As set forth in the declaration of Benjamin K. Riley in support of plaintiffs' bill of costs, at pages 1-2, lines 25-26, 1-4, "Attached hereto as Exhibit A are the redacted invoices for

work performed by Howrey attorneys specifically on the two motions during the months of February, March and April 2005. The referenced fees represent only a portion of the total work performed in connection with the two motions. Such services were actually and necessarily performed in the course of preparing and arguing the motions, are correctly stated, were necessarily incurred, and are allowable by law. Plaintiffs have paid these fees in full."

An independent review of Exhibit A elicits the following summary:

|  | Hours | Rate | Total |
|---|---|---|---|
| Carmine R. Zarlenga | 2.0 | $475 | $950 |
| Buckmaster de Wolf | 2.0 | $455 | $910 |
| James S. Carter | 49.33 | $320 | $15,785.60 |
| Robin E. Dean | 4.5 | $240 | $1,080 |
| Attorneys' Fees Total |  |  | $18,725.60 |

### Legal Standards

In awarding attorney's fees pursuant to Fed. R. Civ. P. 37(a)(4), the appropriate measure is the lodestar method in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended. *Weisberg v. FBI*, 749 F.2d 864, 872-73 (D.C. Cir. 1984); *Cobell v. Norton*, 231 F.Supp,2d 295, 300 (D.D.C. 2002); *Tollett v. City of Kemah*, 285 F.3d 357, 367. In fixing an award of attorney's fees, the Court, pursuant to local rules of the Eastern District of California, will consider the following criteria: (1) the time and labor required of counsel; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal service properly; (4)

3

the preclusion of other employment by counsel because of the acceptance of the action; (5) the customary fee charged in matters of the type involved; (6) whether the fee contracted between the attorney and the client is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount of money, or the value of the rights involved, and the results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the action; (11) the nature and length of the professional relationship between the attorney and the client; (12) awards in similar actions; and, (13) such other matters as the Court may deem appropriate under the circumstances.  L.R. 54-293 c.

Legal Analysis

A.   Attorney's Fees

The first step in the analysis is to determine the lodestar (reasonable hourly rates multiplied by the reasonable time spent).  The other factors are to be consulted in determining the reasonableness of the hourly rates and time spent as well as any decision to deviate from the lodestar amount.  See *Intel Corp. V. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993)*.

It is the burden of the party seeking the award to submit evidence supporting the hours worked and rates claimed, and when the documentation of hours is inadequate, a court may reduce an award accordingly.  *Hensley v. Eckerhart, 461 U.S. 424, at 433, 437.*  The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours

charged or the facts asserted by the prevailing party in its submitted affidavits; otherwise, a right to hearing on disputed facts is waived. *Blum v. Stenson, 465 U.S. 886, 892 n.5 (1984).*

B.  Total Hours Billed

Defendant argues that the number of hours billed is excessive and should be reduced because the issues raised pursuant to the two motions to compel production were relatively straightforward and raised no novel or new issues of law. See Doc. 70, Memo. In Opp'n to Plaintiffs' Bill of Costs, at 2:7-9. Indeed, plaintiffs' first motion for production, filed March 9, 2005, and which was heard by this Court on April 15, 2005, concerned four (4) pages of a single document (the June 7, 2002 Memorandum) about which the defendant claimed the attorney-client privilege for only certain paragraphs of that document. The four-page document had been produced minus the redacted paragraphs. The second motion to compel, filed on March 29, 2005, and which never came to hearing based on plaintiffs' counsel withdrawal of all issues save attorney's fees and costs, concerned one two-page document, a copy of a June 10, 2002 e-mail arguably relating to defendant's efforts to get plaintiffs to waive certain rights regarding the monetization of certain credit notes. As set forth in defendant's privilege log, a claim of attorney-client privilege was lodged as to these two pages of e-mails.

The amount of legal research claimed by plaintiffs to support their motion regarding these two documents, argues defendant, is unreasonable. Further, defendant takes exception with the hourly rates claimed by the two partners and two

5

associates who worked on these motions.

> The rates used by Plaintiffs to arrive at their $19,000 claim range from $240 an hour to $475 an hour.  Most of the time was that of James Carter, a 2002 law graduate who has since left Plaintiffs' law firm.  Upon information and belief, $320 an hour for a lawyer entering his third year of practice is more than the rates charged by the most senior members of the Bar of this Court.  Plaintiffs have made no showing that an hourly rate of $320 an hour for Mr. Carter, $450 an hour for Mr. De Wolf (who has also left the firm), and $475 an hour for Mr. Zarlenga are reasonable.  Defendants respectfully suggests and shows the Court that any hourly rate above $250 per hour would be unreasonable.

See Doc. 68 at 2-3: 23-28, 1-2.

Under his heading for justification of fees and costs in the memorandum of costs in support of plaintiffs' bill of costs, plaintiffs' counsel Benjamin K. Riley avers that the fees requested "represent only a portion of the total work performed in researching, drafting, reviewing and arguing the two motions, *are correctly stated and reasonable, and were necessarily incurred,* particularly in light of SunTrust's total lack of cooperation in efforts to resolve the matters outside of court." Doc. 68 at 2:22-25; emphasis added.  Riley goes on to refer the Court to his declaration at paragraph 5.  That paragraph in his declaration merely refers to the copies of the bills referencing the total fees claimed and reiterates, almost word for word, the claim that the hours claimed were correctly stated and reasonable.

   C.   Hourly Rates

In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community

6

1 for similar work performed by attorneys of comparable skill,
2 experience, and reputation.  Blum, 465 U.S. at 895 n. 11.  Either
3 current or historical prevailing rates may be used; use of
4 current rates or an appropriate adjustment for delay in payment
5 may be reasonable.  Missouri v. Jenkins, 491 U.S. 274, 283-84.
6 Nowhere in plaintiffs' pleading is there any mention of or
7 argument regarding the appropriateness of the rates applied to
8 the hours claimed for the attorneys' fee award.  Defendant merely
9 argues that "any hourly rate to be used not exceed $250."  Doc.
10 68 at 3:21-22.

        D.   Attorney's Fees Granted

12      Both parties have presented virtually no evidence
13 helpful to this Court to make a decision.  Plaintiffs' counsel
14 offers no affidavits in support of the hours claimed as
15 reasonably necessary in light of the disputes nor submitted any
16 documentation regarding prevailing rates for attorneys practicing
17 in Fresno or the Central San Joaquin Valley.  Despite the fact
18 defendant did a woeful job rebutting plaintiffs' claim,
19 nonetheless plaintiffs have the burden to establish the worth of
20 their claim both in terms of hours and fees claimed.  Since they
21 have not done so, and since this matter has lingered long enough
22 without resolution, this Court will seek no further briefing.
23 Rather, the Court will rule based on its own familiarity with the
24 motions that are the subject of this fee request, the time that
25 seems logical for reasonable handling of the dispute as well as
26 bringing the motions before the court, and an average rate
27 typically charged in this court for similar work.
28 //

The Court hereby allows forty (40) hours for the handling of the relatively simple dispute, beginning from the point of telephone calls seeking responses, to and through letters and e-mails seeking responses, the preparation of the noticed motions together with points and authorities, declarations, and joint statements re: discovery disputes pursuant to local rule. The Court accepts the four (4) hours spent by partners of plaintiffs' law firm as appropriate, but allows for $325 per hour rather than the $475 and $455 as set forth. The remainder of thirty-six (36) hours spent by associates will be calculated at $250 per hour, an average prevailing billing rate in the Fresno area for associates out of law school less than five (5) years.

This Court hereby ORDERS defendant to pay plaintiffs, as and for attorneys' fees in this matter, $10,300, to be paid to the law firm of Howrey, Simon, Arnold & White, LLP, on or before December 1, 2005.

IT IS SO ORDERED.

**Dated:  August 30, 2005**               /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE