IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER POULTRY FARMS, INC. and FRESNO FARMING, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> SUNTRUST BANK, <br><br> Defendant. | No. CV-F-04-5513 OWW/SMS <br><br> ORDER DENYING SUNTRUST'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM (Doc. 133) AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS |

Defendant SunTrust Bank moves for leave to file a supplemental memorandum and declarations in connection with the cross-motions for summary judgment heard on November 14, 2005.

Plaintiffs oppose the motion and move for sanctions in the form of the attorneys' fees.

**A. Procedural Background.**

Plaintiffs Foster Poultry Farms, Inc. and Fresno Farming LLC have sued SunTrust for breach of contract and declaratory relief arising out of financial documents between Plaintiffs, Defendant

1

and Zacky Farms whereby Plaintiffs purchased Zacky Farms.  In pertinent part, Plaintiffs allege that Defendant, during a subsequent "monetization" of two promissory notes secured by Letters of Credit, breached a "single-party" provision in the Letters of Credit by failing to re-issue the Letters of Credit as required by Paragraph 6 of the Letters of Credit.

In moving for partial summary judgment, Plaintiffs submitted as Undisputed Fact No. 54: "SunTrust failed to then re-issue the Letters of Credit to itself, although it is required by Paragraph 6 of the Letters of Credit [sic]."  Fact No. 54 is supported by the following testimony by Marcy Lyons given at Defendant's Rule 30(b)(6) corporate deposition:

> Q.  Has Sun Trust [sic] Bank reissued this letter of credit and substituted itself as the nominal beneficiary?
>
> A.  I do not believe they have.
>
> ...
>
> Q.  Did you make any effort prior to coming here today to find out the answer to my question; my question being, what was the basis for the decision not to reissue the letter of credit, per the instructions?
>
> A.  Yes, we did.
>
> Q.  And you couldn't find an answer within your company, is that right?
>
> A.  That's correct.
>
> Q.  So the answers you're giving me as to why this letter of credit in Exhibit No. 4 was not reissued are the best answers the bank can give me in this deposition?
>
> A.  I believe so.

1        Q.   Is all of your testimony as to Exhibit 4
              the same as to Exhibit 3, which is the letter
2             of credit that is issued in May of 2002 to
              the Zackys?
3
         A.   Yes, I believe so.
4
         Q.   On that letter of credit, you also
5             received instructions from the Zackys in
              writing to transfer it to SunTrust Bank,
6             right?

7        A.   That's correct.

8        Q.   And as far as you could tell over there
              at SunTrust Bank, no one ever reissued the
9             letter of credit naming SunTrust Bank as the
              beneficiary?
10
         A.   That's correct.
11
         Q.   Even though the letter of credit say
12            that's what you're supposed to do when you
              get an instruction to transfer, right?
13
         A.   That is correct.
14
         Q.   And you made an inquiry as best you can
15            do as the corporate representative of
              SunTrust Bank and you can't come up with any
16            more information on that subject than you
              provided me here today, is that right, Ms.
17            Lyons?

18       A.   I believe that's the case.

19  Defendant responded that Fact No. 54 is undisputed.

20       However, at the hearing on the motions for summary judgment,

21  in response to the Court's inquiry whether the failure to re-

22  issue the Letters of Credit was intentional in order to protect

23  the tax-deferred status of the sale of Zacky Farms to Plaintiffs,

24  counsel for Defendant requested an opportunity to present

25  evidence that the failure to re-issue the Letters of Credit was

26  due to mistake.  Plaintiffs objected that Defendant had made no

                                    3

1  showing required by Rule 56(f), Federal Rules of Civil Procedure,
2  for the belated submission of evidence on summary judgment and
3  that Defendant is precluded by case law from creating an issue of
4  fact by contradicting previously provided evidence.  After
5  advising Defendant's counsel of the requirements of Rule 56(f),
6  Defendant was allowed to make an offer of proof supported by a
7  declaration within five days with Plaintiffs to respond by
8  December 1, 2005 with any objections.

9      On November 17, 2005, Defendant moved for an extension of
10 time to which Plaintiffs filed a Statement of Non-Opposition.  By
11 Order filed on December 2, 2005, Defendant's deadline to submit
12 the additional evidence was extended to December 12, 2005, with
13 Plaintiffs' reply to be filed on December 19, 2005.  On December
14 12, 2005, Defendant again moved for an extension of time, seeking
15 an extension to December 15, 2005.  Plaintiffs filed an
16 opposition to this request.  No Order with respect to Defendant's
17 second motion for extension of time was issued.  On December 12,
18 2005, Defendant filed a Supplemental Submittal supported by the
19 Declaration of James H. Cox, counsel for Defendant, in which Mr.
20 Cox averred that Defendant could show through testimony of Angela
21 Batterson, an attorney with the law firm of King & Spaulding, and
22 of Douglas O'Bryan of Defendant's Commercial and Investment
23 Banking Department, that the failure to re-issue the Letters of
24 Credit was not intentional, but due to mistake.  After Plaintiffs
25 filed Objections to the Supplemental Submittal, on March 21,
26 2006, Defendant filed a Motion for Leave to File Defendant's

4

Supplemental Memorandum, to which was attached declarations executed by Marcy Lyons, Angela Batterson, and Douglas O'Bryan. This motion was briefed and heard on May 1, 2006.

**B.  Proposed Supplemental Evidence.**

The supplemental declarations sought to be submitted by Defendant in connection with the cross-motions for summary judgment are executed by Marcy Lyons, Angela Batterson and Douglas O'Bryan.

Marcy Lyons avers that she was employed by Defendant in 2002 and was the representative of Defendant in charge of the 2002 monetization. Ms. Lyons avers:

> 4.  It was my expectation that once the Instructions to Transfer with respect to the letters of credit that backed the Notes were forwarded to SunTrust Bank in Atlanta that the letters of credit would be reissued in the name of SunTrust Bank. I was surprised when I later learned that the letters of credit had not been reissued. There was no agreement or understanding of any kind between the Zacky Trust, or the Brand Family Trust or any representative thereof and SunTrust Bank that the letters of credit would not be reissued by SunTrust Bank following the monetization as provided in the instructions to Transfer and in the letters of credit themselves.

Angela Batterson was an associate in the Banking Department of the law firm of King & Spaulding and was one of the attorneys representing Defendant in the 2002 monetization transaction. Ms. Batterson avers in pertinent part:

> 4.  After the Monetization was closed, my legal assistant, at my direction, sent a set of the closing documents to Doug O'Bryan in

5

>     SunTrust Bank's Commercial and Investment
>     Banking Department in Atlanta for processing
>     and filing.
>
>     5.   Although no express reminder or
>     instruction to do so was sent Mr. O'Bryan
>     along with the cover letter for the closing
>     documents, it was my expectation that the
>     Instructions to Transfer would be forwarded
>     to SunTrust Bank's Letter of Credit
>     Department.  I did not learn until later that
>     this had not been done.

Douglas O'Bryan, employed in Defendant's Commercial and Investment Banking Department, avers in pertinent part:

>     4.   In 2002, I received a package of closing
>     documents from the legal assistant to Angela
>     Batterson, Esq., an attorney with King and
>     Spaulding, which related to the 2002
>     transaction with the Zacky Trust and the
>     Brand Family Trust (the 'Monetization') in
>     which SunTrust Bank monetized the Long-Term
>     Purchase Notes (the 'Notes') of Fresno
>     Farming, LLC.
>
>     5.   Upon receipt of the documents, I
>     forwarded them on to SunTrust Bank's CCSC
>     department for processing and storage.  I did
>     not understand at the time that the documents
>     included original Instructions to Transfer
>     the Letters of Credit that backed the Notes
>     to SunTrust Bank which I was supposed to in
>     turn deliver to SunTrust Bank's Letter of
>     Credit Department.  I therefore forwarded the
>     entire package of closing documents on to
>     CCSC.

### C.  **Merits of Defendant's Motion**.

Rule 56(f), Federal Rules of Civil Procedure, provides:

>     Should it appear from the affidavits of a
>     party opposing the motion that the party
>     cannot for reasons stated present by
>     affidavit facts essential to justify the
>     party's opposition, the court may refuse the
>     application for judgment or may order a
>     continuance to permit affidavits to be

     obtained or depositions to be taken or
discovery to be had or may make such order
order as is just.

A Rule 56(f) motion must be made prior to the summary judgment hearing. *Ashton-Tate Corporation v. Ross*, 916 F.2d 516, 520 (9th Cir.1990). Here, Defendant did not request leave to file supplemental evidence before the hearing on the cross-motions for summary judgment and, even then, did not timely comply after being granted additional time.

Defendant provides no affidavit stating any reason why these supplemental declarations could not have been provided in opposition to Plaintiffs' motion for partial summary judgment. *See Claar v. Burlington Northern R. Co.*, 29 F.3d 499, 504 (9th Cir.1994); 10B Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2740. Two of the affiants, Marcy Lyons and Douglas O'Bryan, are Defendant's employees, and Ms. Batterson is one of Defendant's attorneys who worked on the monetization transaction. The means of proof have been within Defendant's control from the outset.[1] The issue was not one that was newly discovered. Any explanation for apparent noncompliance with the reissuance of the letters of credit was obvious from the

---

[1] Plaintiffs argue that the belated affidavits are irrelevant to resolution of the cross-motions for summary judgment because "[t]he *wrongful*, i.e., the unjustified or unexcused, failure to perform a contract, is a *breach.*" 1 Witkin, Summary of California Law, *Contracts*, § 847 (10th Ed.). It is not an abuse of discretion to deny relief pursuant to Rule 56(f) when the evidence is irrelevant to the issues to be adjudicated. Wright, Miller & Kane, *supra*, § 2741 at p.438. No opinion is expressed herein regarding the relevance of these belated declarations or their subsequent admissibility in later proceedings in this action.

7

1  Plaintiffs' allegation of noncompliance.

2 Furthermore, In *Foster v. Arenta Assocs., Inc.*, 772 F.2d 1453, 1462 (9th Cir. 1985) and *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (9th Cir. 1973), the Ninth Circuit held that a party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.  This rule applies to conflicts between affidavits and interrogatory responses, *School Dist. No. IJ, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir, 1993), and to Rule 30(e) corrections which contradict deposition testimony to create a factual dispute in order to avoid summary judgment.  *Hambleton Bros. Lumber Co. v. Balkin Enterprises*, 397 F.3d 1217, 1224-1226 (9th Cir.2005) However, in *Kennedy v. Allied Mut. Ins. Co.* 952 F.2d 262, 266-267 (9th Cir. 1991), the Ninth Circuit held:

> We conclude that the *Foster-Radobenko* rule does not automatically dispose of every case in which a contradictory affidavit is introduced to explain portions of earlier deposition testimony.  Rather, the *Radobenko* court was concerned with 'sham' testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment.  Therefore, before applying the *Radobenko* sanction, the district court must make a factual determination that the contradiction was actually a 'sham.'

 Here, Marcy Lyons testified at the Rule 30(b)(6) deposition that she could not find any explanation within SunTrust Bank for its failure to re-issue the Letters of Credit.  Now, Defendant attempts to belatedly present affidavits, especially the

8

1  affidavit of Douglas O'Bryan, to establish that the reason the
2  Letters of Credit were not re-issued was due to his mistake.
3  These affidavits do more than explain Ms. Lyons prior testimony –
4  they flatly contradict it.  This is the type of post affidavit
5  contradiction that invokes application of the Foster-*Radobenko*
6  rule.  As the person most knowledgeable about the transaction,
7  Ms. Lyons should have inquired within SunTrust if there was any
8  explanation why the reissuance was not effectuated.  Such an
9  inquiry would have identified Mr. O'Bryan's explanation.

### D. **Plaintiffs' Request for Sanctions**.

Plaintiffs' move for attorneys' fees in the amount of $3,370.00 as a sanction pursuant to Rule 56(g), Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

Rule 56(g) provides:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Plaintiffs argue that sanctions under Rule 56(g) are appropriate because the supplemental affidavits were not timely filed, even after the first requested extension was granted, and because of the failure to comply with Rule 56(f)'s requirements.

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to

>                conduct cases in any court of the United
>                States ... who so multiplies the proceedings
>                in any case unreasonably and vexatiously may
>                be required by the court to satisfy
>                personally the excess costs, expenses, and
>                attorneys' fees reasonably incurred because
>                of such conduct.

As explained in *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1107 (9th Cir.2002), "'section 1927 sanctions must be supported by a finding of subjective bad faith,' which 'is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent.'"

Plaintiffs have not established that the requested sanctions should be ordered here. Defendant requested leave to file the belated declarations in response to questioning by the Court at the hearing on the cross-motions for summary judgment related to a possible motive for the failure to reissue. Defendant was not responding to a claim made by Plaintiffs. Defendant was granted leave to submit the belated declarations, subject to compliance with the requirements of Rule 56(f). Although Defendant did not timely comply and did not satisfy the requirements of Rule 56(f), there is no indication that Defendant's failures were result of bad faith or were intended to harass Plaintiffs. It appears Defendant in good faith attempted to address the court's question.

## CONCLUSION

For the reasons set forth above, Defendant's motion for leave to file supplemental memorandum is DENIED. Plaintiffs'

request for sanctions is DENIED.

SO ORDERED.

IT IS SO ORDERED.

**Dated:   April 12, 2007**                              /s/ Oliver W. Wanger
                                                          UNITED STATES DISTRICT JUDGE