Carmine R. Zarlenga (Admitted *Pro Hac Vice*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Helen C. MacLeod (State Bar No. 206618)
Ethan B. Andelman (State Bar No. 209101)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiffs FOSTER POULTRY FARMS, INC.
and FRESNO FARMING, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FOSTER POULTRY FARMS, INC. and FRESNO FARMING LLC,<br><br>        Plaintiffs,<br><br>vs.<br><br>SUNTRUST BANK,<br><br>        Defendant. | Case No. CIV-F-04-5513 OWW/SMS<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR AN AWARD OF EXPENSES AND ATTORNEYS' FEES PURSUANT TO FRCP 37(c)(2)**<br><br>Date: March 24, 2008<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Oliver W. Wanger |

**HOWREY LLP**

DM_US:21019215_1

# I. INTRODUCTION AND SUMMARY OF FACTS.

Now that trial is over, it is clear that SunTrust never should have contested its liability for the breaches of the Credit Agreement and Confidentiality Agreement found by this Court. SunTrust's primary defense to Plaintiffs' claim for breach of the Credit Agreement — that SunTrust was the "holder" of the long term notes — was left in shambles once Plaintiffs proved at trial that, among other deficiencies, the notes lacked the endorsement of the original named payor, Zacky Farms. Indeed, SunTrust conceded that it was not the holder of the notes during its closing:

> [MR. COX:] With regard to the letters of credit, as I said earlier, I don't know that I need to discuss much more in view of our concession that the notes did not contain the necessary endorsement.
>
> THE COURT: Now, let's talk about what the legal consequence of it is.
> […]
> MR. COX: Well, I believe, Your Honor, the legal effect –
>
> THE COURT: Without proper endorsement.
>
> MR. COX: Without proper endorsement is that [SunTrust] –
>
> THE COURT: Did not become –
>
> MR. COX: A holder.
>
> THE COURT: A holder. Those are hard words to say, but you said them, and I appreciate that.

9/27/07 Tr. at 88:19-90:2. Left without its "holder" defense, SunTrust's liability for breach was a foregone conclusion.

Similarly, SunTrust's version of the facts on the breach of the Confidentiality Agreement — that it never relied upon Foster Farms' confidential information in approving the loans to the Zacky and Brand Trusts — was rejected by this Court after hearing all of the evidence at trial. *See* Dkt. No. 214 at 90:17-25. SunTrust failed to elicit any evidence demonstrating that SunTrust's senior credit officials did not refer to and rely upon the Foster Farms confidential information contained in the Credit Package (JX-7) when they approved the term loans the Zacky and Brand Trusts used to monetize their notes. Thus, this Court determined that Foster Farms' confidential information was used in violation of the restrictions contained in the Confidentiality Agreement.

The Court's ultimate factual findings and its determination of liability are not a surprise given the evidence. But it should not have taken a trial for the parties and the Court to reach this point. Early in this case, Plaintiffs served several requests for admission (Nos. 103 and 154-56) on the key facts which, on their own, establish SunTrust's liability — i.e., that it referred to Foster Farms' confidential information in the course of the monetization transaction and that it was not a holder of the notes.[1] SunTrust denied these requests.[2] Under Rule 37(c)(2) of the Federal Rules of Civil Procedure, Plaintiffs are entitled to an award of their expenses (including attorneys fees) incurred to ultimately prove these very facts at trial — a total of about $750,000.

## II. PLAINTIFFS ARE ENTITLED TO RECOVER EXPENSES.

"The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). If a party fails to admit a request which is later proven to be true at trial, Rule 37(c)(2) ***requires*** the Court to award the "reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2) ("The court must so order [an award of expenses] unless" one of four exceptions apply). SunTrust failed to admit Request Nos. 154-56 and 103; yet

---

[1] Request No. 103 sought an admission regarding the use of Foster Farms' confidential information:

> Admit that during the course of the Monetization, SunTrust and its agent(s) referred to Plaintiff's confidential financial information in their possession.

(Andelman Decl., Ex. A.) Request Nos. 154-56 sought admission that SunTrust was not a holder of the notes:

> Admit that SunTrust is not the Holder of the Long Term Purchase Note in the Principal Amount of $1,477,464.99.
>
> Admit that SunTrust is not the Holder of the Long Term Purchase Note in the Principal Amount of $92,726,438.00.
>
> Admit that SunTrust is not the Holder of the Long Term Purchase Note in the Principal Amount of $10,472,535.01.

(*Id.*, Ex. C.)

[2] SunTrust's answer to Request No. 103, served on October 1, 2004, was an unequivocal "Denied." (*Id.*, Ex. B.) SunTrust served virtually identical answers to Request Nos. 154-56 on January 14, 2005, effectively denying the request:

> Subject to and without waiving General Objection No. 1 and the additional General Objections, Defendant responds that it is the "holder" of the Long Term Purchase Note in the Principal Amount of [each separate note] as "holder" is used in paragraph 6 of the Letter of Credit (attached as Exhibit C to the Credit Agreement).

(*Id.*, Ex. D.)

HOWREY LLP

-3-

DM_US:21019215_1

those same facts were proven at trial. Under the Rule, Plaintiffs are entitled to post-trial relief granting their reasonable expenses incurred in proving these facts pursuant to Rule 37(c)(2). *See* Fed. R. Civ. P. 37(c), 1970 Advisory Committee Notes ("Rule 37(c) is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial.").

### A. At trial, Plaintiffs proved the fact that SunTrust denied in Request No. 103.

Plaintiffs alleged that SunTrust breached the Confidentiality Agreement because it used Foster Farms' confidential information for unauthorized purposes — namely, to help it determine whether to go forward with the term loan transaction, also known as the monetization transaction. At trial, Plaintiffs established that Tommy Parrott placed Foster Farms' information covered by the Confidentiality Agreement in the Credit Package used to seek approval of the monetization transaction. Dkt. No. 214 at 31-32, ¶ 123-24. This Court found that SunTrust "would have reviewed and considered all the provided financial information for FPF (and FF), one of the primary obligors on the LTPM Notes and the guarantor, with reimbursement obligations under the Letters of Credit." Dkt. No. 214 at 90, ¶ 89. Thus, at trial, Plaintiffs proved the fact that they had requested SunTrust admit in Request for Admission Nos. 103 — that SunTrust had "referred to Plaintiff's confidential financial information" in the course of the monetization transaction.

### B. At trial, Plaintiffs proved the facts that SunTrust denied in Request Nos. 154, 155, and 156.

Plaintiffs alleged that SunTrust breached the Credit Agreement because it failed to comply with the requirement that any transferee of the Letters of Credit be a "holder in its entirety (but not in part)" of the long term notes. Dkt. No. 214 at 55, ¶ 15. SunTrust's defense to this argument was based upon the legal argument that "holder in its entirety (but not in part)" meant simply that all SunTrust needed to demonstrate that it was a holder of the notes. *E.g.*, Dkt. No. 172 § I; Dkt. No. 186 § I. However, the facts adduced at trial, when applied to applicable law, demonstrated without question that SunTrust was not even a holder of the notes:

- Under applicable New York law, an allonge endorsement is only appropriate where there is a lack of room on the original instrument. Dkt. No. 214 at 59-60, ¶ 21.b. However, Hector Llorens testified that there was sufficient room on the original instruments for the endorsement carried on the allonges to be included thereon. 9/26/07 Tr. at 73:3-24.

- Under applicable New York law, an allonge is effective only when it is "so firmly affixed [to the instrument] as to become a part thereof." Dkt. No. 214 at 60-61, ¶ 21.c. There was no testimony that the allonges were affixed in any manner to the notes; indeed, Hector Llorens affirmatively testified that he did not know whether the allonges were attached to the notes. 9/26/07 Tr. at 70:9-18.

- Negotiable instruments may be turned into bearer paper through an endorsement in blank, but only if each payee named in the note endorses the note. Dkt. No. 214 at 57-59, ¶ 21.a. Hector Llorens testified that, even though the notes were made payable to Zacky Farms, that company never endorsed the notes over to the Zacky and Brand Trusts. 9/26/07 Tr. at 73:25-75:24. Therefore, the allonge endorsements in blank from the Zacky and Brand Trusts were ineffective to confer holder status to SunTrust. Dkt. No. 214 at 59, ¶ 21.a.

Indeed, due to this last fact, SunTrust conceded during its closing argument that it was not the holder of the notes. 9/27/07 Tr. at 88:19-90:2. Thus, at trial, Plaintiffs proved the fact that it had requested SunTrust admit in Request for Admission Nos. 154, 155, and 156 — that SunTrust was not the holder of the notes. This, in turn, eliminated SunTrust's defense to the breach of contract claim made under the Credit Agreement.

**C.     SunTrust Has No Excuse for Its Failure to Admit the Requests.**

Under Rule 37(c)(2), once it is established that the requesting party proved a matter that was not admitted in a request for admission, an award of fees is mandatory, with only four exceptions. *See generally* Fed. R. Civ. P. 37(c)(2). None of these exceptions apply here.

The first exception is that "the request was held objectionable under Rule 36(a)." Fed. R. Civ. P. 37(c)(2)(A). No objection was made to Request No. 103, and, while SunTrust interposed supposed general objections to Request Nos. 154-56, it never sought or obtained a ruling from the Court that these requests were objectionable. Therefore, this first exception does not apply.

The second exception is that "the admission sought was of no substantial importance." Fed. R. Civ. P. 37(c)(2)(B). This is obviously not the case. The question of whether SunTrust referred to Foster Farms' confidential information in the course of the monetization transaction was dispositive of SunTrust's defense for breach of the Confidentiality Agreement. Similarly, the question of whether SunTrust was a holder of the notes was dispositive of SunTrust's defense for breach of the Credit Agreement. These are key facts that SunTrust should have admitted.

The third exception is that "the party failing to admit had a reasonable ground to believe that it might prevail on the matter." Fed. R. Civ. P. 37(c)(2)(C). This exception, as well, is inapplicable to the facts of this case. SunTrust knew it referred to and used Foster Farms' confidential information, which was unquestionably included in the Credit Package (JX-7). As the Court found, the obvious inference from this fact is that the confidential information was referred to by SunTrust's senior credit officials in approving the monetization transaction. Dkt. No. 214 at 90, ¶ 89. Thus, SunTrust unreasonably failed to admit Request No. 103.

Similarly, SunTrust had no reasonable ground for believing that it could demonstrate it was a holder of the notes. All three factual grounds on which the Court found SunTrust was not a holder of the notes — that the allonges could have fit on the original notes; that the allonges were not affixed to the note; and, most notably, that the notes were never endorsed from Zacky Farms to the Zacky and Brand Trusts — were obvious from the face of the notes, and which meant the allonges were deficient under the appropriate New York law. Moreover, the fact that Zacky Farms never endorsed the notes so plainly disproved SunTrust's "holder" defense that SunTrust conceded it at trial without argument.

The fourth and final exception is a catch-all exception: that "there was other good reason for the failure to admit." Fed. R. Civ. P. 37(c)(2)(D). There is no such other good reason. All four requests at issue are appropriate subjects for a Rule 36 request for admission — they clearly seek an

admission on "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The only objection SunTrust interposed — on Request Nos. 154-56 — was that the requests defined "holder" two different ways: the definition contained in the New York U.C.C. and the definition "set forth in the Long Term Purchase Notes." While there is no difference between these definitions, to the extent there is, this purported definitional issue simply cannot excuse SunTrust's failure to admit, especially given the lack of endorsement from Zacky Farms on the note. SunTrust should have admitted all four requests, which would have obviated the need to spend any time on liability issues at trial (or on summary judgment).

Because Plaintiffs were tasked to prove at trial the facts requested to be admitted in Request Nos. 103, 154, 155, and 156, and because none of the exceptions enumerated in Rule 37(c)(2) apply, Plaintiffs should be awarded the expenses they incurred to prove these facts.

### III. PLAINTIFFS' EXPENSES INCURRED TO PROVE THE REQUESTED FACTS IS APPROXIMATELY $750,000.

Under Ninth Circuit precedent, Plaintiffs are entitled to recover all expenses which "flow[] directly from the denial" made by SunTrust. *Marchand v. Mercy Medical Center*, 22 F.3d 933, 939 (9th Cir. 1994). These include the expenses that are incurred in establishing alternative theories of liability. *E.g. Campbell v. Spectrum Automotion Co.*, 601 F.2d 246, 250 (6th Cir. 1979) (noting that "if Campbell had answered in good faith … Spectrum would not have been put to the expense of establishing alternative defenses"). The expenses and fees Plaintiffs incurred as a result of SunTrust's improper denials is roughly $750,000.

The four requests for admission at issue are fundamental to this case. Plaintiffs alleged only two breaches of contract — one relating to SunTrust's failure to be a "holder in its entirety (but not in part)" of the notes, and one relating to SunTrust's use of the confidential information. The fact sought to be established by Request Nos. 154, 155, and 156 — that SunTrust was not a holder — is dispositive of the first breach of contract. The fact sought to be established by Request No. 103 — that SunTrust referred to and used Foster Farms' confidential information in the monetization transaction — is dispositive of the second breach of contract. Nearly all of the fact discovery undertaken and

factual disclosures made at trial (by both sides) would have become unnecessary had SunTrust admitted these requests when they were made. Thus, Plaintiffs should be awarded nearly all of the expenses they incurred after SunTrust failed to admit the requests.

Indeed, the only expenses incurred by Plaintiffs which are not a direct or indirect result of SunTrust's failure to admit these requests for admission are those expenses incurred in their damages case. Based on the attorney billing diary entries on this matter, only 15% of the fees billed in this case were involved in any manner with damages issues. Andelman Decl., ¶ 7. That 85% of the expense of this case was devoted to liability issues is not surprising — most fact discovery, the summary judgment motions, and nearly all of trial was spent solely on liability issues.

Erring on the side of caution, though, for purposes of this motion, Plaintiffs very conservatively assume that one-third of their fees and expenditures were directed towards each of damages issues, liability on the Confidentiality Agreement breach, and liability on the Credit Agreement breach. SunTrust's response to Request No. 103 was served on October 1, 2004. One-third of the fees and expenses billed after this date is $395,966.06.[3] SunTrust's responses to Request Nos. 154-56 were served on January 14, 2005. One-third of the fees and expenses billed after this date is $356,966.02.[4] The sum of these two amounts — the total amount of fees and expenses that Plaintiffs incurred as a result of SunTrust's unreasonable denials of these requests for admission — is $752,932.08.

///
///
///
///
///
///
///

---

[3] Using the figures from ¶ 6 of the Andelman Declaration, 1/3 * ($117,000.12+$1,070,898.08) = $395,966.06.

[4] Using the figures from ¶ 6 of the Andelman Declaration, 1/3 * $1,070,898.08 = $356,966.02.

## IV. CONCLUSION

SunTrust put Plaintiffs and this Court through the time and expense of a trial even though it clearly knew (or should have known) that it would not prevail on liability issues. Indeed, SunTrust had no legitimate reason to deny Request Nos. 103, 154, 155, and 156. For the foregoing reasons, Plaintiffs respectfully request that this Court award it $752,932.08 in expenses and fees pursuant to Rule 37(c)(2).

Dated: March 7, 2008

Respectfully submitted,

*/s/ Ethan B. Andelman*

Carmine R. Zarlenga (Admitted *Pro Hac Vice*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Helen C. MacLeod (State Bar No. 206618)
Ethan B. Andelman (State Bar No. 209101)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiffs
FOSTER POULTRY FARMS, INC.
and FRESNO FARMING, LLC

HOWREY LLP

-9-

DM_US:21019215_1